Filed 6/10/26  P. v. Acevedo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE ACEVEDO,<br><br>    Defendant and Appellant. | H053401<br>(Santa Clara County<br>Super. Ct. No. C2109559) |

When defendant Jose Acevedo was arrested for soliciting or agreeing to engage in an act of prostitution (Pen. Code, § 647, subd. (b)(2)), officers found a gun and drugs in his possession.  After a motion to suppress that evidence was denied, defendant pleaded no contest to the prostitution charge as well as various gun and drug charges.  On appeal, he challenges the denial of his suppression motion and contends the gun and drug evidence should have been excluded as the fruit of an unlawful arrest.  As we will explain, we conclude defendant's arrest was supported by probable cause and will therefore affirm the judgment.

## I.    BACKGROUND

The San Jose Police Department carried out a sting operation in 2021 aimed at prostitution-related offenses.  Posing as a prostitute, an undercover officer stood on the corner of First Street and Humboldt Street.  The officer wore heavy makeup and revealing clothing.  In the event someone agreed to pay her for sex, she would direct them to meet her in the parking lot of a motel approximately one block away.

While standing on the corner, the undercover officer saw a group of people including defendant riding bicycles southbound on First Street. As the group passed the officer, defendant whistled at her. The officer saw defendant turn right at the next street and then lost sight of him. Shortly thereafter, the officer saw defendant riding his bicycle eastbound on Humboldt Street. Defendant approached the officer and stopped his bicycle.

The officer asked defendant if he wanted a "date" and he said yes. She asked him what he wanted, and he said he wanted a "quickie." The officer then "asked if he wanted to fuck my pussy and I would suck his dick." She also asked him how much money he had, and he told her he had "[e]nough for the transaction." The officer suggested a price of 100 dollars; defendant "agreed and nodded his head." After defendant agreed, the officer told him to meet her in the motel parking lot.

Defendant rode his bicycle southbound on First Street in the direction of the motel. Officers stopped and arrested defendant "right as he was approaching the entrance to the motel" about three or four feet from the driveway. They searched his backpack incident to the arrest, finding drugs and a gun. He was charged with possessing a firearm as a convicted felon, carrying a concealed firearm, carrying a loaded firearm, possessing methamphetamine for sale, possessing cocaine while armed, and soliciting or agreeing to engage in an act of prostitution.

The trial court denied defendant's motion to suppress the gun and drug evidence, stating in part: "Defendant was detained and arrested on suspicion of soliciting prostitution. The charge of agreeing to or soliciting an act of prostitution requires an overt act in addition to the specific intent and agreement to engage in an act of prostitution. … [¶] For there to be a violation of the statute there must be both an act and an agreement. … Here defendant manifested an agreement to engage in a sex act by asking for a quickie. He then negotiated a price and an officer came in the direction [*sic*], rode his bicycle to a motel where the sex act was intended to occur. This meets both the

reasonable suspicion requirement to detain the defendant and the probable cause requirement to arrest him."

After his motion to suppress the evidence was denied, defendant pleaded no contest to the charges and was sentenced to three years in prison.

## II.    DISCUSSION

Defendant argues the gun and drug evidence should have been suppressed because his arrest was not supported by probable cause. We review the issue de novo, deferring to the trial court's factual findings if supported by substantial evidence. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

The concept of probable cause has been described as "incapable of precise definition." (*People v. Celis* (2004) 33 Cal.4th 667, 673.) That is intentionally so, because "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" (*Illinois v. Gates* (1983) 462 U.S. 213, 232.) "Probable cause exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime." (*Celis*, at p. 673.) The substance of the definition of probable cause is " ' "a reasonable ground for belief of guilt[.]" ' " (*Ibid*., citing *Maryland v. Pringle* (2003) 540 U.S. 366, 371.)

Defendant was arrested on suspicion of violating Penal Code section 647, subdivision (b)(2), which provides that an "individual who solicits, or who agrees to engage in," an act of prostitution is guilty of a misdemeanor. "An individual agrees to engage in an act of prostitution when, with specific intent to so engage, the individual manifests an acceptance of an offer or solicitation by another person who is 18 years of age or older to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in an act of prostitution." (Pen. Code, § 647, subd. (b)(2).) "A manifestation of acceptance of an offer or solicitation to engage in an act of prostitution does not constitute a violation of this subdivision unless some act, in addition to the manifestation of acceptance, is done within this state in

3

furtherance of the commission of the act of prostitution by the person manifesting an acceptance of an offer or solicitation to engage in that act." (*Id.*, subd. (b)(4).) Penal Code section 647 does not incorporate such an act requirement where the person "solicits," rather than "agrees to engage in," an act of prostitution.

The information alleged defendant *solicited* prostitution, but the suppression motion appears to have been litigated by both parties under the exclusive theory that defendant accepted the undercover officer's offer to *engage in* an act of prostitution. In ruling on the motion, the trial court expressed its belief that "there must be both an act and an agreement" for defendant to have committed the offense. The court denied the motion based on the existence of probable cause to believe that defendant had taken action in furtherance of the agreement. The Attorney General now argues the ruling should be upheld on the theory that defendant *solicited* prostitution and no corresponding act was required because solicitation itself violates Penal Code section 647, subdivision (b)(2). Defendant argues the Attorney General is procedurally barred from advancing a new theory for the first time on appeal.

We acknowledge it is not improper for a reviewing court to consider affirming a judgment based on a theory that was not argued by the parties in the trial court. (*Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1242.) But the California Supreme Court has "many times refused to allow the prosecution to assert a new theory on appeal to support or defeat the trial court's suppression ruling" where, for example, the new theory would amount to "justifying arrests on grounds which did not occur to the arresting officers at the time of the arrest"; or where the "new theory was not supported by the record made at the first hearing"; or where "the defendant had no notice of the new theory and thus no opportunity to present evidence in opposition." (*Green v. Superior Court* (1985) 40 Cal.3d 126, 137–138; accord, *Robey*, at p. 1242.)

Here, officers did not arrest defendant immediately following what the Attorney General now describes as "solicitation" of prostitution. The officers instead waited until

4

defendant approached the motel to which the undercover officer had directed him, believing the travel to be an act in furtherance of the agreement and a prerequisite for arrest. At the suppression hearing, both parties and the court also proceeded under the assumption that an act in furtherance of the agreement was required. Given this record, we decline to consider for the first time on appeal whether defendant's interaction with the undercover officer established probable cause to arrest him for solicitation of prostitution.

We therefore limit our review to whether there was probable cause to arrest defendant for agreeing to engage in prostitution, coupled with taking action in furtherance of that agreement. Considering defendant's conduct before and after the agreement was made (see *In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1407–1408), we conclude there was probable cause to support the arrest. Defendant emphasizes that after his interaction with the undercover officer, he resumed riding south on First Street in the same direction he had been traveling and he never actually entered the parking lot of the motel. But that characterization overlooks important context. Defendant was initially seen riding south on First Street with a group of people. After taking notice of the undercover officer posing as a prostitute, he circled the block and initiated a one-on-one conversation with her. During the conversation, he agreed to pay her for sex, and she directed him to meet her in a motel parking lot a block away. He then rode toward the motel, getting within three or four feet of the entrance before he was stopped. In other words, after traveling south on First Street as part of a group, defendant left the group to speak with a woman presenting herself as a prostitute; he again traveled south, toward an agreed-upon meeting location, only after agreeing to pay the woman for sex. Those circumstances suffice to establish that riding in the direction of the motel was not merely a continuation of defendant's earlier travel but was an act in furtherance of his agreement to engage in prostitution.

5

## III.   DISPOSITION

The judgment is affirmed.

 

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Lie, J.

H053401
*The People v. Acevedo*